## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY ROBERTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cv-00356-SMY |
| | ) |
| SHAWN RITCHEY and | ) |
| VANDALIA CORRECTIONAL CENTER, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Larry Roberts, a former inmate of the Illinois Department of Corrections previously incarcerated at Vandalia Correctional Center ("Vandalia"),[1] brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims he was assaulted, harassed, and items of his personal property were thrown away. (Doc. 1). He seeks monetary damages. *Id.*

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff was incarcerated at the time he filed the Complaint.

## The Complaint

Plaintiff makes the following allegations in his Complaint: On September 3, 2018, Sgt. Ritchey spit in Plaintiff's face, stomped on his right foot, and made fun of his genitalia. Ritchey also threw away some of Plaintiff's personal items. Following that event, Ritchey aggressively confronted Plaintiff in the chow hall. Plaintiff stopped going to noon meals because Ritchey would stare him down. This affected his anxiety and depression. Other officers have belittled and laughed at Plaintiff.

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

> Count 1: Eighth Amendment excessive force claim against Defendants for an assault on September 3, 2018.
>
> Count 2: Eighth Amendment claim against Defendants for sexual harassment on September 3, 2018.
>
> Count 3: Eighth Amendment claim against Defendants for harassment.
>
> Count 4: Fourteenth Amendment due process claim against Defendants for depriving Plaintiff of personal property.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[2]

## Preliminary Dismissal

The Supreme Court has held that "neither a State nor its officials acting in their official

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Therefore, Plaintiff cannot maintain suit against Vandalia Correctional Center which is a division of the Illinois Department of Corrections; it is dismissed from this action with prejudice.

To the extent Plaintiff makes allegations against unidentified "other officers," they are not identified as Defendants in the case caption or list of Defendants. Accordingly, any claim Plaintiff intended to bring against "other officers" is dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Discussion

### Count 1

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). The Complaint sets forth sufficient allegations to proceed on an excessive force claim in Count 1 against Ritchey.

### Count 2

Plaintiff claims Ritchey sexually harassed him by making fun of his genitalia. In general,

3

allegations of verbal abuse and threats are insufficient grounds for relief under Section 1983. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, verbal harassment that causes psychological pain may amount to cruel punishment under the Eighth Amendment. *Beal*, 803 F.3d at 357-58. Here, Plaintiff describes a single incident of verbal abuse/harassment. Although Plaintiff alleges his anxiety and depression have been affected, this statement is vague and does not describe psychological pain sufficient to state a claim. Count 2 will be dismissed without prejudice.

**Count 3**

Plaintiff's claim that Ritchey aggressively confronts him in the chow hall and stares him down is also insufficient to state a section 1983 claim based on harassment. Again, Plaintiff does not describe psychological pain or the type of verbal harassment sufficient to constitute cruel punishment. Count 3 will be dismissed without prejudice.

**Count 4**

Plaintiff alleges that Ritchey threw away items of his personal property. To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. Moreover, if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d

1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims, and Count 4 will be dismissed without prejudice.

## Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3), which is **DENIED** without prejudice. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). However, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

In evaluating whether counsel should be appointed, the Court must examine the *Pruitt* factors and apply them to the specific circumstances of the case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?' *Id.* at 761 (quoting *Pruitt*, 503 F.3d at 654).

Plaintiff discloses numerous unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff cites no impediments to self-representation, other than a limited education. Plaintiff appears capable of litigating this matter pro se, given his coherent pleadings and straightforward claim. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** will proceed against **Ritchey**.

**IT IS FURTHER ORDERED** that **Counts 2, 3,** and **4** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant **Vandalia Correctional Center** is **DISMISSED** without prejudice from the entire case.  The Clerk is **DIRECTED** to TERMINATE that defendant in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (Doc. 3) is **DENIED**  without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **Ritchey**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 7, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your complaint.  After service has been achieved, Defendant will enter his appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more.  When Defendant has filed an Answer, the Court will enter a Scheduling Order containing

important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**